IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re Application of: | ) | |
| | ) | 7:09CV5011 |
| SCOTT ANGLIN, A Citizen of Texas, | ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Applicant. | ) | |

Citing 28 U.S.C. § 1782(a), the applicant has filed an *ex parte* request for an order directing Cabela's, Inc., a Nebraska corporation located in Sidney, Cheyenne County, Nebraska, to produce 25 categories of documents and three specifically named Cabela's employees for depositions to obtain evidence for a lawsuit pending in the High Court of South Africa, Eastern Cape Division, Case No. 1134/05. Filing No. 1. The applicant is the defendant, and Barry Grant Burchell is the plaintiff in the South African litigation. By requesting an *ex parte* order, it is apparent the applicant does not intend to serve a copy of his application on either Burchell or Cabela's before obtaining an order from this court directing Cabela's to produce the requested discovery.

Courts have held that a litigant in a foreign action may file an *ex parte* § 1782 application requesting authority to serve subpoenas on a United States citizen to secure evidence for a foreign case. However "such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." See, e.g., In re Letter of Request from Supreme Court of Hong Kong, 138 F.R.D. 27, 32 (S.D.N.Y. 1991) (quoting In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976)). The application filed in this forum seeks an order not only permitting service of subpoenas, but ordering Cabela's and three of its employees to produce substantial

amounts of discovery without affording Cabela's, or Burchell, an opportunity to be heard. The order, as requested, cannot be entered *ex parte*.

Moreover, in 2004, the Supreme Court held that the authority to conduct discovery under 28 U.S.C. § 1782 is discretionary. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Anglin's application sets forth the threshold statutory requirements authorizing discovery under 28 U.S.C. § 1782. Specifically, Anglin is a litigant, and therefore an "interested person," in a foreign proceeding; his discovery requests seek documents and testimony from witnesses located in the United States; and the requested discovery is purportedly for use in the foreign litigation. See, Schmitz v. Bernstein Liebhard & Lifshitz LLP., 376 F.3d 79, 83 (2d Cir. 2004) (identifying the three statutory requirements for § 1782 discovery requests). However, § 1782 "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." Intel Corp., 542 U.S. at 247.

Intel Corp. identified the following factors the court should consider in deciding whether United States federal courts can be used as a vehicle to perform discovery for litigation pending in a foreign tribunal.

1) Is the applicant seeking discovery from a person who is already participating in the foreign litigation? If so, the need for assistance by the United States courts "is not as apparent" because the foreign tribunal can itself order the production of discovery. Id. at 264.

2) What is the "nature" of the foreign tribunal? For example, is the foreign tribunal an adjudicatory forum, or will the discovery processes for the foreign litigation be rendered unfair if one party can conduct discovery in the United States pursuant to 28 U.S.C. § 1782, but the opposing party cannot obtain reciprocal discovery under the rules of the foreign tribunal? Id. at 264.

3) What is the "character" of the proceedings pending in the foreign forum? For example, has the foreign litigation reached the discovery stage? Id. at 264.

4) How receptive is the foreign tribunal to assistance by the federal court of the United States? Id. at 266.

5) Will discovery in the United States circumvent general or case-specific discovery limitations applicable in the foreign tribunal? Id. at 265.

6) Is the discovery requested unduly burdensome or intrusive? Id. at 265.

7) What discovery rules would be applicable to comparable proceedings in the United States? As stated in the "historical and statutory notes" for 28 U.S.C. 1782(a): "The ample safeguards of the Federal Rules of Civil Procedure, Rules 26-32, will prevent misuse of this section." 28 U.S.C.A. § 1782.

The record must be developed and the foregoing factors, and perhaps others, should be weighed before determining if, and to what extent, this court should authorize discovery under 28 U.S.C. § 1782. The court's consideration and decision on this issue should not be conducted *ex parte*.

Accordingly,

IT IS ORDERED that:

1) On or before January 8, 2010, the applicant, Scott Anglin, shall serve his application in accordance with Rule 4 of the Federal Rules of Civil Procedure upon:

   a. Barry Grant Burchell, the plaintiff in In the Matter Between Barry Grant Burchell, Plaintiff, and Scott Anglin, Defendant, now pending in the High Court of South Africa, Eastern Cape Division, Case No. 1134/05;

      b.     Cabela's, Incorporated;

      c.     Greg Severinson;

      d.     Jennifer Estrada; and

      e.     Ed Beattie.

Proof of service shall be filed in this court in accordance with Rule 4(l) of the Federal Rules of Civil Procedure.

2) On or before December 28, 2009, the applicant, Scott Anglin, shall provide a copy of the application to conduct discovery filed in this court and a copy of this order to the relevant foreign tribunal, the High Court of South Africa, Eastern Cape Division, and shall file a certificate of service stating when, how, and on whom the application and order were served.

3) Should the High Court of South Africa, Eastern Cape Division wish to advise this court of its position, or any concerns it may have with permitting discovery in the United States as set forth in Scott Anglin's application, it may convey this information by mail sent to Richard G. Kopf, United States District Court Judge, 586 Federal Building, 100 Centennial Mall North, Lincoln, Nebraska 68508, by electronic mail sent to kopf@ned.uscourts.gov, or by facsimile sent to (402) 437-1641. Any such correspondence must be sent on or before January 28, 2010, and must be written in English. This court will file any correspondence received from the South African tribunal upon receipt.

4) On or before January 28, 2010:

      a.     The applicant, Scott Anglin, shall file a brief and any evidence in support of his application to conduct discovery pursuant to 28 U.S.C. § 1782; and

      b.      Barry Grant Burchell, Cabela's, Incorporated, Greg Severinson, Jennifer Estrada, and Ed Beattie shall file their responses to the application.

5)      Any response to the filings made pursuant to paragraph (4) of this order, or to any correspondence the court receives from the South African tribunal, shall be filed on or before February 15, 2010.

6)      The clerk shall identify Barry Grant Burchell as the respondent to this action, and shall identify Cabela's, Incorporated, Greg Severinson, Jennifer Estrada, and Ed Beattie as interested parties on the court's docket sheet.

DATED this 4th day of December, 2009.

                                  BY THE COURT:

                                  *Richard G. Kopf*
                                  United States District Judge