IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: Application of: | ) | |
| | ) | |
| SCOTT ANGLIN, | ) | 7:09CV5011 |
| A Citizen of Texas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| BARRY GRANT BURCHELL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A telephonic conference call regarding Scott Anglin's ("Anglin") 2nd Revised Application for Order for Discovery for Use in a Foreign Action (Filing No.13) was held on June 1, 2010. The parties reached agreement on the following issues:

    a.    The parties agreed that although Cabela's, Inc. and Cabela's Outdoor Adventures are separate entities, both organizations may possess or have access to documents and other information sought by Anglin. Thus, Cabela's and Cabela' Outdoor Adventures (Cabela's and Cabela's Outdoor Adventures are referred to hereinafter collectively as "Cabela's") will respond to the agreed upon or ordered production requests.

    b.    Cabela's will not provide customer names pertaining to the booking of, or participation in, the safaris. Cabela's will assign an alpha-numeric code to each customer who purchased or participated in the safaris. Any documents produced regarding the safaris will identify individuals only by the assigned

alpha-numeric code. Cabela's shall retain a copy of the code key containing the names and the corresponding assigned code.

The nature and scope of the following requests by Anglin remain unresolved:

a. The time period for which Cabela's should be required to produce the relevant documents. Anglin argues documents from 2002 to 2008 should be produced. Cabela's has agreed to produce documents only from 2005 to 2008.

b. Anglin's request for "all documents" memorializing communications between Cabela's and Burchell and "all documents" pertaining to various aspects of Cabela's relationship with Barry Burchell ("Bruchell") and/or Frontier Safaris including, but not limited to:

   i. all communications between Cabela's and Bruchell and/or Frontier Safaris;

   ii. documents pertaining to the terms under which Cabela's acted as booking agent for Burchell and/or Frontier Safaris;

   iii. documents pertaining to the flow of monies between Cabela's and Burchell;

   iv. documents related to the advertisement and/or marketing of safaris that could be booked through Cabela's;

      v.     documents relating to Cabela's alleged suspension of bookings with Frontier Safaris;

      vi.    documents describing communications between Cabela's and Anglin and/or Anglin's nephew Strickland; and

      vii.   all documents related to the booking of "hunts" booked for Frontier Safaris.

c.    Anglin's request for "all documents memorializing agents and employees" of Cabela's "who traveled with Frontier Safaris . . ." and requests for documents "showing the identification and trip arrangements of officers, directors and employees" of Cabela's . . . or its subsidiary entities who have hunted on property owned by, or possessed by: 1) Barry Burchell and/or Frontier Safaris."

d.    Anglin's request for "complaints, incident reports, customer satisfaction surveys, or other documents relating to customer's assessment of Frontier Safaris."

e.    Cabela's (and its subsidiaries) records retention/records destruction policies for the years 2002 - 2008.

f.    For the years 2002 - 2008 all records of presentations made by Barry Burchell to Cabela's or to any of its subsidiaries or individual employees.

      g.      An order compelling the production of Greg Severinson, Jennifer Estrada and Ed Beattie for depositions.

Cabela's argues that these requests are overly broad and unduly burdensome. However, Cabela's did not file any evidence supporting its claim prior to the telephonic conference. Pursuant to the authority granted under rule 1 of the Federal Rules of Civil Procedure, and Nebraska General Rule 1.1(c), Cabela's will be granted leave to file evidence in Opposition to Anglin's Motion to Compel. Any such evidence, and the arguments of counsel, will be further discussed at a telephonic hearing scheduled for June 10, 2010.

The parties are strongly encouraged to discuss the outstanding issues prior to the June 10, 2010 telephonic hearing, and to develop mutually agreeable guidelines for the production. The following information is provided to facilitate the parties' discussions. The Court is particularly interested in determining what documents exist that memorialize the terms, (to include length, type, extent, cost, and amenities) of any safaris booked with Burchell or Frontier Safaris. For instance, if written contracts or other booking agreements exist that contain the relevant terms of the safaris, the Court will be inclined to order the production of such contracts or agreements, but not emails or other supporting documents, for the years 2002 - 2008. Further, if documents exist which state the total amount paid on a yearly or monthly basis to Burchell or Frontier Safaris for the years 2002 - 2008, the court would likely order production of such documents without further ordering copies of all supporting documents, such as receipts, credit entries, or ledgers. However, if the relevant information is not so readily obtainable or organized in uniform documents, the Court will likely be inclined to order more restrictive production. Cabela's should also come prepared to discuss the availability of its historic electronic records, and the amount of time needed to produce the documents requested or at issue.

In the absence of an agreement between the parties, the Court will rule on Anglin's motions to compel during or at the close of the June 10 telephonic hearing.

IT IS ORDERED:

1) The Counsel for Cabela's shall file their evidence in Opposition to the 2nd Revised Application for Order for Discovery for Use in a Foreign Action on or before Wednesday, June 9, 2010 at 12:00 p.m.

2) The telephonic hearing on this matter is set for Thursday, June 10, 2010 at 10:00 a.m. CDT and 9:00 a.m. MDT. This hearing will be held in the courtroom and on record. The court will initiate the conference call. Counsel shall contact the chambers of the undersigned to confirm the phone numbers to be called for initiating the telephonic conference.

3) The parties are instructed to attempt to resolve all of the issues before the telephonic hearing occurs but are advised that the motion will be ruled on at the conclusion of the telephonic hearing held on June 10, 2010.

DATED this 3rd day of June, 2010.

BY THE COURT:
s/ *Cheryl R. Zwart*
United States Magistrate Judge